UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| JOHN DOE, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 23-CV-2170 |
| SARAH BUSH LINCOLN HEALTH CENTER, | ) ) ) ) | |
| Defendant. | ) ) | |

**ORDER**

Plaintiff, John Doe, on behalf of himself and all others similarly situated, filed a Class Action Complaint in the Circuit Court of Coles County, Illinois, on June 27, 2023. On August 7, 2023, Defendant, Sarah Bush Lincoln Health Center, filed a Notice of Removal (#1) to this court, citing as the basis for removal federal officer removal pursuant to 28 U.S.C. § 1442(a)(1). On September 6, 2023, Plaintiff filed a Motion to Remand (#9).

On November 13, 2023, the court entered an Order (#15) granting the Motion (#9), entering judgment, and remanding the case to state court for lack of subject matter jurisdiction. Later that day, Defendant filed an Emergency Motion for Temporary Stay of Remand Order Pursuant to Rule 62(a) (#17) and accompanying Memorandum (#17-1), to which Plaintiff filed a Response (#18) on November 16, 2023.

ANALYSIS

Defendant removed this case to federal court pursuant to federal officer removal under 28 U.S.C. § 1442(a)(1). On November 13, 2023, this court entered an Order remanding this matter to state court for lack of subject matter jurisdiction, after finding that federal officer removal was not appropriate because Defendant was not "acting under" the federal government in creating its online patient portal.

Defendant has moved for the court to enter a 30-day automatic stay of the remand Order pursuant to Federal Rule of Civil Procedure 62(a) so that Defendant may consider whether it wants to appeal the Order to the Seventh Circuit. Plaintiff objects, arguing that it is not clear whether Rule 62(a) authorizes a stay in these circumstances, and that rather Defendant's Motion should be treated as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e). Plaintiff further argues that Defendant's Motion cannot succeed under either Rule 62(a) or 59(e) because Defendant cannot show a likelihood of success on the merits on appeal.

I.     *Authority to Stay Under Rule 62(a)*

Rule 62(a) states that "[e]xcept as provided in Rule 62(c) and (d), execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, unless the court orders otherwise." Fed. R. Civ. P. 62(a). "Rule 62(a) provides a district court the authority to grant a stay pending the outcome of an appeal." *Martin v. LCMC Health Holdings, Inc.*, 2023 WL 5173791, at *1 (E.D. La. Aug. 11, 2023). "Pursuant to 28 U.S.C. § 1447 governing the procedure after removal generally, immediate appeals cannot be taken from orders remanding cases to state court." *Martin*, 2023 WL 5173791, at *2. However, § 1447(d) "provides '[a]n order remanding a case to the State court from

2

which it was removed is not reviewable on appeal ..., except that an order remanding a case to the State court from which it was removed pursuant to section *1442* or 1443 of this title shall be reviewable by appeal.'" *Martin*, 2023 WL 5173791, at *2, quoting 28 U.S.C. § 1447(d) (emphasis added).

In *Martin*, a case nearly identical to the instant case, the court reasoned that "an order remanding a case originally removed from state court pursuant to 28 U.S.C. § 1442 is appealable[,]" and that since "Federal Rule of Civil Procedure 54(a) is equally clear that a 'judgment' is defined as 'any order from which an appeal lies' for purposes of the Rules[,] [i]t follows that an order remanding a case which had previously been removed under a claim of § 1442 removability is a 'judgment' for purposes of the Federal Rules of Civil Procedure." *Martin*, 2023 WL 5173791, at *2, citing *Northrop Grumman Technical Services, Inc. v. DynCorp International, LLC,* 2016 WL 3180775, at *2 (E.D. Va. June 7, 2016), and quoting Fed. R. Civ. P. 54(a). The court concluded that Rule 62(a) applies to orders remanding cases removed from state court pursuant to § 1442, and that it thus had the authority under Rule 62(a) to enter a permanent stay pending appeal of a remand order, when removal was sought pursuant to the federal officer removal statute. *Martin*, 2023 WL 5173791, at *2-3.

This court finds the reasoning employed by *Martin* to be persuasive, and will follow that court's guidance on this issue. Therefore, the court finds that Rule 62(a) applies to the Order (#15) entered on November 13, 2023, remanding this case that was removed from state court pursuant to § 1442. The court finds it has the authority under the Rule to enter a stay pending Defendant's appeal of the remand Order.

> II.  *Whether a Stay is Warranted*

Although the court has held it has the authority to stay this court's remand Order pending appeal, Defendant must still carry its burden of demonstrating it is entitled to such a stay. The court finds Defendant has failed to do so.

"Different Rules of Procedure govern the power of district courts and courts of appeals to stay an order pending appeal[,]" but under either Rule, "the factors regulating the issuance of a stay are generally the same: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *Venckiene v. United States*, 929 F.3d 843, 853 (7th Cir. 2019). "The standard calls for equitable balancing, much like that required in deciding whether to grant a preliminary injunction or a temporary restraining order." *Venckiene*, 929 F.3d at 853.

The burden is on the party seeking the stay. *Mays v. Dart*, 974 F.3d 810, 822 (7th Cir. 2020). The court finds that Defendant has not carried its burden as, in its Memorandum in support of a stay, Defendant did not address any of the *Hilton* factors, such as likelihood of success on the merits, whether it will be irreparably injured absent a stay, whether other parties will be substantially injured by failure to issue a stay, and whether a stay is in the public interest.

However, the court will address the *Hilton* factors for the sake of completeness. "The first two factors of the traditional standard are the most critical." *Nken v. Holder*, 556 U.S. 418, 434 (2009). The first factor asks whether the stay applicant has made a

strong showing that he is likely to succeed on the merits, for which it is not enough that the chance of success on the merits be "better than negligible." *Mays*, 974 F.3d at 822.

The court finds that Defendant does not have a likelihood of success on the merits on appeal, let alone whether it has a "strong" likelihood of success on appeal. Even acknowledging the two early decisions that found federal officer removal appropriate in these circumstances, the court found the reasoning employed in those two decisions unpersuasive and joined the multiple other district court decisions that held to the contrary. Moreover, based on the nationwide rejection of the reasoning employed by the first two cases to take up the issue, Defendant has not convinced the court these two decisions provide Defendant with a strong likelihood of success on appeal. See *Martin*, 2023 WL 5173791, at *3. Finally, Defendant is still unable to show it acted under a federal officer's direction in building the patient portal, because no federal directive existed. See *Martin*, 2023 WL 517391, at *4. Defendant cannot demonstrate a strong likelihood of success on the merits.

Nor can Defendant demonstrate that it will be irreparably harmed by the denial of a stay. Denial of the stay merely means that the matter proceeds in state court instead of being held in federal court pending an appeal that Defendant is likely to lose. In any event, Defendant raised no argument that it would be irreparably harmed. Likewise, Defendant can point to no other party that will be substantially injured by denying a stay, nor does the court find that issuing a stay is in the public interest. For those reasons, Defendant's Emergency Motion for Temporary Stay of Remand Order Pursuant to Rule 62(a) (#17) is DENIED.

IT IS THEREFORE ORDERED:

Defendant's Emergency Motion for Temporary Stay of Remand Order Pursuant to Rule 62(a) (#17) is DENIED.

ENTERED this 20th day of November, 2023.

s/ COLIN S. BRUCE
U.S. DISTRICT JUDGE